OPINION *Page 2 
{¶ 1} Antonio Crawford appeals a judgment of the Court of Common Pleas, Probate Division, of Richland County, Ohio, which found he is incompetent by reason of mental impairment due to mental illness, and appointed a guardian for him. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE LOWER COURT ERRED IN FINDING THE WARD INCOMPETENT AS THE WEIGHT OF THE EVIDENCE DID NOT MEET THE CLEAR AND CONVINCING STANDARD.
 {¶ 3} "II. THE LOWER COURT ERRED ON APPOINTING A GUARDIAN ON BEHALF OF THE WARD."
 {¶ 4} The trial court conducted a hearing on August 16, 2006. The court heard testimony from Frances Swarn, M.D., a psychiatrist; and from Captain Marijan Grogoza, of the Mansfield Police Department. Appellant testified on direct and cross, and also answered questions from the court.
 I. {¶ 5} At the hearing, Dr. Swarn testified she had treated appellant for some four and one-half years. She testified appellant suffers from chronic paranoid type schizophrenia, with hallucinations. She testified it was her professional opinion appellant needed a guardian appointed for his person, because when he is functioning independently he is unable to provide for his basic needs. The doctor testified she had been told he walks out in front of cars, although she had not observed it herself. She testified when appellant was in the VA system with people assisting him, he was taking care of his activities of daily life, getting ready to go to group meetings and medical *Page 3 
doctors, and his basic needs were being met. She testified in the VA system he was eating well and gaining weight, but since he has been released, appellant has been asking for food and money, and has lost weight.
 {¶ 6} The doctor testified appellant was unable to maintain housing, and could not take care of his hygienic needs. She testified appellant had been schizophrenic since he was approximately 18 years old.
 {¶ 7} Captain Marijan Grogoza testified she had been acquainted with appellant for years. The Captain brought with her 21 arrest records dating from January 2004 until August 16, 2006, the date of the hearing. She testified appellant had been arrested for criminal trespass, disorderly conduct for urinating in public places, possession of drug paraphernalia, and panhandling. The Captain testified she would guess the police department had contact with him between 100 and 400 other times in that time span, for which he had not been arrested. The police had given him warnings to move on or to cease and desist, or they simply checked on his well-being.
 {¶ 8} Appellant testified on direct he had gained weight in the VA because there was really no activity, and he received three square meals a day. Appellant testified when a person is out in what appellant referred to as the "free environment", conditions tend to differentiate and fluctuate. Appellant testified his health is not bad at all. Appellant testified most of the people he encounters in public like him, and he tries to keep a pleasant attitude and not stress or touch anyone. Appellant testified he had recently lost his hotel room because the management felt he kept his room too messy. Appellant testified he preferred staying in motels, because they offered all the things he *Page 4 
required. He testified although the rent appears high, there were no utility or telephone bills, and he had a TV, telephone, shower, and a table where he could sit.
 {¶ 9} Appellant testified he had very few personal belongings, most of which he takes with him wherever he goes. He testified he was on no medications. Appellant testified when he was in the VA facility, they made him eat, sleep, and such, and when he was on his own, he had more choices. Appellant testified he liked being on his own, but needed somewhere stable to stay.
 {¶ 1O} R.C.2111.01 (D) defines incompetency: * * * "Any person who is so mentally impaired as a result of a mental or physical illness disability, or mental retardation, or as a result of chronic substance abuse, that the person is incapable of taking care of the person's self property or fails to provide for the person's family or other persons for whom the person is charge by the law to provide, or any person confined to a correctional institution within this state."
 {¶ 11} R.C. 2111.02(B) requires the court to be guided by the best interest of the incompetent. R.C. 2111.02(C) requires that the applicant prove incompetency by clear and convincing evidence, R.C. 2111.02(C)(3),In re Guardianship of Rudy (1992), 65 Ohio St.3d 394, 395,604 N.E.2d 736.
 {¶ 12} Appellant argues the court's determination is against the manifest weight of the evidence. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence, CE. Morris Company v. FoleyConstruction Company (1978), 54 Ohio St.2d 279. This court may not substitute its judgment for that of the trial court where there exists some *Page 5 
competent and credible evidence supporting the judgment, Myers v.Garson (1993), 66 Ohio St.3d 610.
 {¶ 13} We have reviewed the record, and we find it contains sufficient, competent and credible evidence to support the court's finding by clear and convincing evidence.
 {¶ 14} The first assignment of error is overruled.
 II. {¶ 15} In his second assignment of error, appellant argues the court erred in not permitting him to have an independent examination, and did not allow him to have a family member accompany him at the hearing, in violation of R.C. 2111.02.
 {¶ 16} The record indicates appellant was served with a notice of the application and hearing, which listed his rights. Specifically, the notice informed appellant he has the right to be present at the hearing and to be represented by an attorney of his choice; the right to have a friend or family member of choice present at the hearing; the right to evidence of an independent expert evaluation introduced at the hearing; and if he is indigent, the right to a court appointed independent expert evaluator, a court-appointed attorney, a court appointed appellate attorney and free transcripts. Court records indicate appellant's father is his next of kin. The record indicates the court ordered an independent evaluation on May 23, 2006, apparently at appellant's request. However, Dr. Swarn's report and testimony are the only medical reports in the record. At the hearing, appellant's counsel indicated appellant had submitted to an independent expert evaluation, but chose not to introduce any evidence or testimony about the evaluation at the hearing. Appellant never objected or requested a continuance so any relative or friend could appear with him. *Page 6 
 {¶ 17} Finally, appellant argues the trial court did not consider any less restrictive alternative to guardianship. R.C.2111.02(C) provides evidence of a less restrictive alternative to guardianship may be introduced, and if introduced, shall be considered by the court. The statute further provides the court may deny a guardianship if it finds a less restrictive alternative to guardianship exists, R.C. 2111.02(C)(6).
 {¶ 18} At the close of the hearing, the court stated its concerns in determining whether appellant could protect or care for himself, or make informed decisions. The court specifically found it was required to consider whether there was a less restrictive alternative to a guardianship. The court stated it could also consider restrictions on the guardianship itself and/or conduct a review hearing after appointing a guardian. The court then addressed appellant and informed him it was concerned about whether he was able to understand some of his conditions and make rational decisions in his own best interest. The court informed appellant it would be very concerned if he were to go to an institution where his freedom was completely restricted. The court concluded it was appropriate to give the guardian authority to make a placement, with the understanding appellant must have plenty of leeway so he can get exercise, and must have freedom to choose his activities, consistent with his needs. The court also scheduled a hearing after 120 days to review appellant's situation. The court directed the guardian to make sure appellant's possessions were retrieved from wherever he had stored them and to take all of his possessions with him to the placement the guardian had selected. Finally, the court informed appellant it would consider a less restrictive living environment if appellant did well before the review hearing. *Page 7 
 {¶ 19} Our review of the record leads us to conclude the trial court did not deny appellant his right to have a family member attend, and permitted appellant to have an independent evaluation. Further, we find the trial court considered appellant's circumstances, and carefully directed the guardian to employ the least restrictive measures he could consistent with appellant's wishes and needs.
 {¶ 20} The second assignment of error is overruled.
 {¶ 21} For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, of Richland County, Ohio, is affirmed.
Gwin, P. J., Edwards, J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Probate Division, of Richland County, Ohio, is affirmed. Costs to be waived. *Page 1